```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

RAFAEL ROMERO,                    :
      Petitioner
                               :

      vs.                          :    CIVIL NO. 1:CV-06-2179

RONALD HOLTS, Warden,             :
FCI Schuylkill,
      Respondent                   :


M E M O R A N D U M


I.    Introduction

Petitioner, Rafael Romero, an inmate at Federal Correctional Institution-Schuylkill, files this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his conviction in the United States District Court for the Southern District of New York. Upon Romero's conviction at a jury trial in 1990, he received concurrent sentences of life imprisonment for conspiracy to distribute more than five kilograms of cocaine and conspiracy to murder a federal agent, twenty years for attempted murder of a federal agent, ten years for assault of a federal agent, ten years for possession of approximately one kilogram of cocaine with intent to distribute, and a consecutive sentence of five years for use of a firearm during the course of a narcotics trafficking offense.

We will dismiss Romero's § 2241 petition for lack of jurisdiction because Romero has failed to demonstrate that 28

U.S.C. § 2255 is inadequate or ineffective to challenge the validity of his conviction.

II.     Background

Romero and two other individuals, Albert Rodriguez and Rafael Santos, were convicted of crimes stemming from a narcotics trafficking incident in New York City.[1]  In 1988, Romero and Rodriguez sold cocaine to two Drug Enforcement Administration confidential informants.  During the drug transaction, Santos hid in a nearby closet, armed with a .357 Magnum revolver, in case anything went wrong.  When DEA agents raided the apartment, Romero and Rodriguez were apprehended but Santos shot an agent in the face, causing serious injury.  The subsequent gun battle injured Santos and one of the DEA informants.

Romero was convicted of the following charges: conspiring to distribute more than five kilograms of cocaine, 21 U.S.C. § 846; possession of approximately one kilogram of cocaine with intent to distribute, 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B); conspiring to murder a federal officer, 18 U.S.C. § 1117; attempted murder of a federal officer, 18 U.S.C. §§ 1111 and 1114; assaulting a federal officer with a deadly weapon, 18 U.S.C. § 111; and use of a firearm during the course of a drug trafficking offense, 18 U.S.C. § 924(c).  The United States Court

---

[1] We look to the facts as presented in Romero's direct appeal, *Romero v. U.S.*, 897 F.2d 47 (2d Cir. 1990).

2

of Appeals for the Second Circuit affirmed Romero's conviction, *Romero v. U.S.*, 897 F.2d 47 (2d Cir. 1990), *cert. denied*, 497 U.S. 1010, 110 S.Ct. 3253, 111 L.Ed.2d 762 (1990).

After his conviction was affirmed, Romero petitioned the sentencing court to vacate his sentence pursuant to 28 U.S.C. § 2255 or for a new trial pursuant to Federal Rule of Criminal Procedure 33.  The court construed Romero's motion as one under § 2255 and rejected his claim.  *Romero v. U.S.*, 92 Civ. 934, 1992 WL 147904, at *1 (S.D.N.Y. June 18, 1992).  The Second Circuit affirmed the denial of Romero's motion but explained that the district court should not have treated Romero's Rule 33 motion as a habeas motion under § 2255.  *See Romero v. U.S.*, 28 F.3d 267, 268 (2d Cir. 1994).  Believing that the Second Circuit's instruction negated any problems he might have with a successive § 2255 motion, Romero filed a second § 2255 motion with the sentencing court.  *See Romero v. U.S.*, No. 96 Civ. 4423, 1997 WL 55951 (S.D.N.Y. Feb. 11, 1997).  The district court concluded that despite the Second Circuit's instructions regarding the Rule 33 motion, the other claims in Romero's prior motion were considered under § 2255.  The court, therefore, treated Romero's newest motion as a successive § 2255 motion and transferred it to the Second Circuit for certification as required for such motions.  *Id.* at *3.  Prior to transferring the motion to the Second Circuit, however, Romero voluntarily dismissed it.  *Romero v. U.S.*, No. 96 Civ. 4424, 1997 WL 158367, at *1 (S.D.N.Y. April 2,

3

1997).  In granting the voluntary dismissal, the sentencing court reaffirmed its holding that it had been Romero's second motion. *Id.*

Romero's current § 2241 petition asserts four grounds for relief.  First, based on the Supreme Court's construction of 18 U.S.C. § 924(c)(1) in *Bailey v. U.S.,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), Romero is actually innocent of his conviction for use of a firearm during a drug trafficking offense. Second, he is actually innocent of conspiring to murder a federal agent.  Third, the Government failed to present ballistics evidence to confirm the type of firearm used to wound the federal agent.  Fourth, Petitioner must receive an evidentiary hearing pursuant to Rules 6 and 7 of the Rules Governing Section 2255 Proceedings for the United States District Courts.  Finally, the jury instructions for § 924(c)(1) were inadequate because they did not distinguish between "use" and "carry."

III.     <u>Discussion</u>

Under Rule 1(b)of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. foll. § 2254 (West Supp. 2005), the rules governing petitions under 28 U.S.C. § 2254 can be applied to section 2241 petitions.  We will apply Rule

4

4 of the section 2254 rules to summarily dismiss Romero's § 2241 petition.[2]

A prisoner seeking to challenge a federal conviction or sentence allegedly in violation of the Constitution typically must file a motion pursuant to 28 U.S.C. § 2255. *Okereke v. U.S.*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Davis v. U.S.*, 417 U.S. 333, 343 (1974)). The prisoner must use § 2255 and file the motion in the sentencing court "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of [petitioner's] detention." 28 U.S.C. § 2255 ¶ 7. If the petitioner's motion fits within the unusual circumstances covered by this "safety valve" language, the petitioner may instead proceed under 28 U.S.C. § 2241. *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). The Third Circuit has narrowly interpreted the safety valve language, explaining: "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). Therefore, the petitioner may not proceed under § 2241 by using the safety valve language "merely because th[e] petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Dorsainvil*, 119 F.3d at 251. Instead, "A § 2255 motion would be inadequate or ineffective only

---

[2] Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

if the petitioner can show that a limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Okereke*, 307 F.3d at 120 (citing *Cradle* 290 F.3d at 538).

The Third Circuit has permitted a petitioner to use the safety valve language to proceed under § 2241 only in unusual situations. In *In re Dorsainvil*, the petitioner, convicted of violating 18 U.S.C. § 924(c)(1), was first denied § 2255 relief for ineffective assistance of counsel and double jeopardy. 119 F.3d at 246. Between petitioner's first and second petitions, however, the Supreme Court decided *Bailey v. U.S*, construing § 924(c)(1) so as to potentially negate the criminality of petitioner's conduct. In *Bailey*, the Court concluded that a conviction for "use" of a firearm under § 924(c)(1) required evidence showing active employment of the firearm. *Bailey*, 516 U.S. at 143.[3] This intervening construction of § 924(c)(1) potentially rendered the *Dorsainvil* petitioner's conduct non-criminal. After determining that a successive § 2255 motion was not available to challenge the conviction,[4] the Third Circuit

---

[3] In 1998, based on the *Bailey* decision, Congress amended § 924(c)(1) to also permit conviction for possession of a firearm in furtherance of a drug trafficking crime. 18 U.S.C. § 924(c)(1)(A).

[4] Petitioner could not pursue a second petition under § 2255 because his petition was not based on newly discovered evidence or a new rule of constitutional law as required by changes effected by the Antiterrorism and Effective Death Penalty Act of 1996. *Dorsainvil*, 119 F.3d at 247-48.

6

concluded that petitioner could proceed under § 2241.  *Dorsainvil*, 119 F.3d at 251.

Romero relies on a similar theory to attempt to proceed under § 2241 and challenge his conviction for use of a firearm during a drug trafficking crime.  Romero argues that *Bailey* requires an individual to "show active employment of the firearm" to support a conviction for use of a firearm under § 924(c)(1). (doc. 1, p. 4).[5]  According to Romero, the evidence and the jury instruction did not satisfy *Bailey*'s requirement of active employment of a firearm because it was actually Romero's co-defendant, Santos, who possessed the firearm.  *Id.* at 6.  Romero concludes that this places him within § 2255's safety valve language and allows him to proceed under § 2241.  *Id.* at 15.

We reject Romero's analysis of *Bailey* as it relates to his conviction for use of a firearm during a drug trafficking offense.  Unlike petitioner in *Dorsainvil*, the criminality of Romero's conduct was not potentially negated by the *Bailey* decision because Romero was convicted of the firearm charge due to his involvement as a co-conspirator.  Under *Pinkerton v. U.S.*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), the existence of a conspiracy can support liability for reasonably foreseeable acts committed by co-conspirators in furtherance of the conspiracy. The Third Circuit has held that *Bailey*'s construction of "use" in

---

[5] The *Bailey* holding can be retroactively applied to cases on collateral review.  *Bousley v. U.S.*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

§ 924(c)(1) does not foreclose co-conspirator liability for use of a firearm during a drug offense pursuant to a *Pinkerton* theory. *U.S. v. Casiano*, 113 F.3d 420, 427 (3d Cir. 1997); *U.S. v. Ramos*, 147 F.3d 281, 286-87 (3d Cir. 1998). *Bailey* "focused on the type of 'use' rather than the person responsible." *Casiano*, 113 F.3d at 427. Therefore, "'[a]s long as [a conspirator's] action was within the purview of the conspiracy, his co-conspirators are liable for his gun as if they had carried the firearm themselves.'" *Id.* (quoting *U.S. v. Gonzales*, 918 F.2d 1129, 1135 (3d Cir. 1990)).

We may not consider Romero's petition under § 2241 because *Bailey* did not potentially alter the criminality of Romero's conduct. In *Dorsainvil*, the petitioner sought to use *Bailey* to challenge the circumstances in which he was convicted of "use" of a firearm. Romero, however, was convicted of violating § 924(c)(1) because Santos, one of Romero's co-conspirators, used the firearm. *Romero*, 897 F.2d at 49. After *Bailey*, an individual may still be convicted for use of a firearm under § 924(c)(1) based on the individual's involvement in a conspiracy where one of the co-conspirators uses the firearm. Therefore, *Bailey* did not potentially negate the criminality of Romero's conduct and Romero does not present the unusual circumstances that the *Dorsainvil* court found to make § 2255 relief "inadequate or ineffective."

We will dismiss Romero's other claims for lack of jurisdiction. Romero's second claim argues that he is actually

innocent of conspiring to murder a federal officer.  His third claim alleges that in presenting its case for attempted murder of a federal officer, the Government failed to use ballistics evidence linking Santos's gun to the bullet that wounded the federal officer.  In his fourth claim, Romero seeks discovery to verify his claims.  Finally, Romero alleges that the jury instructions pertaining to § 924(c)(1) were inadequate because they did not distinguish between "use" and "carry."

     As discussed, § 2255 is the primary means for a federal prisoner to challenge his conviction.  Unless it appears that § 2255 is "inadequate or ineffective," a petitioner must file his § 2255 motion in the sentencing court.  28 U.S.C. § 2255 ¶ 5.  Romero's second, third, fourth, and fifth grounds for relief do not present the unusual circumstances found to allow a petitioner to pursue a motion under § 2241 instead of § 2255.  Therefore, because the United States District Court for the Southern District of New York is the sentencing court, we dismiss the remainder of Romero's claims for lack of jurisdiction.

                                    /s/William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge

Date: November 29, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
RAFAEL ROMERO,                   :
        Petitioner
                                 :

        vs.                      :   CIVIL NO. 1:CV-06-2179

RONALD HOLTS, Warden,            :
FCI Schuylkill,
        Respondent               :
```

O R D E R

      AND NOW, this 29th day of November, 2006, it is ordered that:

      1.  The petition for writ of habeas corpus under 28 U.S.C. § 2241 (doc. 1) is dismissed for lack of jurisdiction.

      2.  Petitioner's motion to proceed in forma pauperis is granted.

      3.  The Clerk of Court is directed to close this case.

/s/William W. Caldwell
William W. Caldwell
United States District Judge